# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Nos.   02-20068-06-CM** |
| ) | **05-3286** |
| **GILBERTO HERNANDEZ-GOMEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

On March 5, 2003, the government filed an indictment charging defendant with conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine.  On March 31, 2003, pursuant to a plea agreement, defendant pleaded guilty to count one of the indictment.  The court sentenced defendant to a term of imprisonment of 121 months on September 3, 2003, holding defendant responsible for 13.25 kilograms of methamphetamine and enhancing his sentence for obstruction of justice.

Defendant filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 474) on June 24, 2005.  Defendant argues that the court must vacate his sentence because it exceeds the statutory maximum, and therefore violates the Fifth and Sixth Amendments and the United States Supreme Court's holdings in *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005).  In response to defendant's motion, the government filed Government's Motion For Enforcement Of The Plea Agreement (Doc. 475).  The government asks the court to enforce the plea agreement and argues that defendant's motion is barred by the statute of limitations.  The court first addressees the issue of whether the plea agreement is enforceable.

**I. Plea Agreement**

The court finds that defendant waived his right to challenge his sentence in his plea agreement. In determining the enforceability of a plea agreement, the court applies the test set forth in *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003), and adopted by the Tenth Circuit in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), which considers the following: (1) whether the disputed issue is within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.

***A. Scope of Waiver***

To determine whether the disputed issue is within the scope of the waiver, the court first considers the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004). The plea agreement, in its relevant part, provides:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. The defendant is aware that Title 18, U.S.C. 3742 affords a defendant the right to appeal the conviction and the sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it is determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. 2555 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

"The court must construe this language according to contract principles and what the defendant reasonably understood when he entered his plea." *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant argues that his § 2255 motion falls outside the scope of the waiver because it falls within the exception to the waiver – that is, the court departed upward from the applicable sentencing guideline range.  Defendant argues that his sentence was established upon facts neither admitted nor proved to a jury.

In *Blakely,* the Supreme Court held that the maximum sentence a judge may impose can only be based on facts reflected in the jury verdict or admitted by the defendant, which is not always the same as the maximum possible sentence under statute.  542 U.S. at 304.  In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a judge imposes an enhanced sentence under the United States Sentencing Guidelines based on the judge's determination of fact, except a prior conviction, that the defendant did not admit and a jury did not find.  543 U.S. at 245.  The Supreme Court issued *Blakely* on June 24, 2004 and *Booker* on January 12, 2005.  Defendant was sentenced on March 31, 2003.  The question, then, is whether *Booker* and *Blakely* apply retroactively.

The Tenth Circuit has determined that neither *Booker* nor *Blakely* apply retroactively to initial motions under 28 U.S.C. § 2255.  *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).  However, defendant argues that both *Booker* and *Blakely* should apply retroactively for two reasons.

First, defendant argues that *Booker* and *Blakely* are analogous to *Yates v. Aiken*, 484 U.S. 211 (1988), in which the Supreme Court held that when a decision of the court merely applies settled precedents to new and factually different situations, the later decision should apply retrospectively.  Defendant argues that *Booker* and *Blakely* are not new rules; rather, they are merely applications of the rule from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and therefore should apply retrospectively.  In *Bellamy*, however, the court held that both *Booker* and *Blakely* announce new rules for constitutional purposes.  411 F.3d at 1188.  Therefore, *Booker* and *Blakely* do not apply

retroactively because they are not mere applications of settled precedents to new and factually different situations.

Second, defendant argues that *Blakely* and *Booker* should apply retroactively because they are (1) at least partially substantive, or (2) entirely procedural and constitute watershed rules of criminal procedure. New substantive rules apply retroactively, but new procedural rules are retroactive only if they constitute watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). With regard to defendant's assertion that the rules are at least partially substantive, the Tenth Circuit has said that both *Booker* and *Blakely* are rules of criminal procedure and not substantive. *See Bellamy*, 411 F.3d at 1186. With regard to defendant's assertion that *Booker* and *Blakely* represent watershed rules of criminal procedure, "the Supreme Court has previously determined that a change in the law requiring that juries, rather than judges, make factual findings on which a capital sentence is based did not announce a watershed rule of criminal procedure." *Id.* at 1188 (citation omitted). And to qualify as a watershed rule of criminal procedure, the rule must improve the accuracy of convictions. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002). Neither *Booker* nor *Blakely* improve the accuracy with which defendants are convicted. They only address how the sentence is imposed. Therefore, *Booker* and *Blakely* do not apply retroactively because they are neither substantive nor watershed rules of criminal procedure.

Accordingly, because *Booker* and *Blakely* were not decided at the time of defendant's sentencing and because they do not apply retroactively, defendant's § 2255 motion falls within the scope of the waiver. The court did not depart upward from the applicable sentencing guideline range.

**B.  Knowing and Voluntary**

The concluding paragraph of the plea agreement provides:

The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and the defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Moreover, in defendant's memorandum, he expressly states, "[defendant] does not challenge the second of the three *Hahn* factors."  The court finds that defendant has knowingly and voluntarily waived his appellate rights.

**C. Miscarriage of Justice**

An appeal waiver results in a miscarriage of justice, as may preclude its enforcement, only (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful; to satisfy fourth factor, error must seriously affect the fairness, integrity or public reputation of judicial proceedings.

*Anderson*, 374 F.3d at 959 (citing *Hahn*, 359 F.3d at 1327).  The defendant has the burden of showing that one of the factors is met.  *Id.*

Defendant has not made any arguments with respect to the first two factors.  Defendant argues that he meets the third and fourth factors in light of the rulings in *Booker* and *Blakely.*  However, as outlined above, the court has determined that *Booker* and *Blakely* do not apply retroactively, and therefore do not apply to this case.  Thus, defendant has not met his burden of showing that the third and fourth factors are met.

## II. Statute of Limitations

A § 2255 motion must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's June 24, 2005 filing was untimely under subsection (1) because it was filed more than one year after his conviction became final. Defendant argues that he is not barred under subsection (3) because the *Blakely* decision was not released until June 24, 2004. However, *Blakely* is not retroactive; therefore, subsection (3) is inapplicable. Accordingly, the court finds that defendant's motion is barred by the one-year statute of limitations.

## III. Conclusion

The files and record before the court conclusively show that defendant is not entitled to relief, and no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that defendant's motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 474) is denied.

**IT IS FURTHER ORDERED** that Government's Motion for Enforcement of the Plea Agreement (Doc. 475) is granted.

Dated this 27th day of June 2006, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**